

FILED

01/31/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2016

**STATE OF TENNESSEE v. ERIC D. WALLACE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 95-03053, 95-03054, 95-03055      J. Robert Carter, Jr., Judge**

_____

**No. W2016-00907-CCA-R3-CD**

_____


Eric D. Wallace ("the Defendant") filed a Motion to Correct Illegal Sentence under Rule 36.1 of the Tennessee Rules of Criminal Procedure, alleging that his sentences for first degree felony murder and attempted first degree murder were illegal because the trial court constructively amended the corresponding indictments by instructing the jury on "alternative theories for felony murder." The trial court summarily denied relief, and this appeal followed. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Eric D. Wallace, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Carrie Shelton-Bush, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

In 1995, a Shelby County jury convicted the Defendant of first degree felony murder and attempted first degree murder, for which the Defendant received a sentence of life plus fifteen years in the Department of Correction. The Defendant appealed, and this court affirmed the Defendant's convictions and sentence. See State v. Eric D. Wallace, No. 02-C-01-9604-CR-00125, 1997 WL 421011, at * 1 (Tenn. Crim. App. July 28, 1997), perm. app. denied (Tenn. Apr. 6, 1998). Thereafter, the Defendant filed a pro se petition for post-conviction relief, which was denied by the post-conviction court and

affirmed by this court on appeal. See Eric Wallace v. State, No. W2000-02854-CCA-R3-CD, 2002 WL 1483204, at *7 (Tenn. Crim. App. Feb. 19, 2002), perm. app. denied (Tenn. Sept. 9, 2002); see also Eric Dewayne Wallace v. State, No. W2008-00867-CCA-R3-PC, 2009 WL 321294, at *2 (Tenn. Crim. App. Feb. 6, 2009) (affirming the denial of the Defendant's motion to re-open post-conviction proceedings).

The Defendant subsequently filed four separate petitions for writ of habeas corpus, all of which were summarily dismissed by the respective habeas corpus courts, and the dismissals were affirmed on appeal. See Eric D. Wallace v. James M. Dukes, Warden, No. W2002-00882-CCA-R3-CO, 2002 WL 31895727, at *2 (Tenn. Crim. App. Dec. 31, 2002), perm. app. denied (Tenn. Mar. 10, 2003); Eric D. Wallace v. Stephen Dotson, Warden, No. W2006-00908-CCA-R3-HC, 2007 WL 852173, at *2 (Tenn. Crim. App. Mar. 22, 2007), perm. app. denied (Tenn. Aug. 13, 2007); Eric D. Wallace v. Stephen Dotson, Warden, No. W2010-01784-CCA-R3-HC, 2011 WL 2120103, at *11 (Tenn. Crim. App. May 17, 2011); Eric D. Wallace v. Arvil Chapman, Warden, No. M2012-00749-CCA-R3-HC, 2012 WL 5543055, at *1 (Tenn. Crim. App. Nov. 9, 2012), perm. app. denied (Tenn. Mar. 5, 2013); see also Eric DeWayne Wallace v. State, No. W2013-02761-CCA-R3-PC, 2014 WL 6634436, at *1 (Tenn. Crim. App. Nov. 24, 2014) (affirming, pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, the trial court's denial of the Defendant's second petition for post-conviction relief).

On April 5, 2016, the Defendant filed a pro se Motion to Correct Illegal Sentence and/or Illegal Conviction pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In the motion, the Defendant alleged that his sentences and convictions were void and illegal because the trial court constructively amended the indictments for first degree felony murder and attempted first degree murder based on its instructions to the jury. Specifically, he asserted that he was indicted for "recklessly killing . . . Venita Swift during *an attempt to perpetrate murder first degree*" and for the attempted first degree murder of Jimmy Weddle. He alleged, however, that at trial the court instructed the jury that the State must have proven "[t]hat the [D]efendant unlawfully killed [Ms. Swift]; and . . . [t]hat the killing *was committed in the perpetration or the attempt to perpetrate the alleged murder first degree*[.]" The Defendant contended that the trial court's instruction was based on "alternative theories for felony murder," thereby allowing the jury "to convict the [Defendant] on . . . elements not charged in the indictments." He further argued that the jury instruction for first degree felony murder "provided insufficient evidence to enable the [Defendant] to know the accusation to which he had to answer[.]" The trial court summarily denied the Defendant's motion, and this timely appeal followed.

## Analysis

On appeal, the Defendant asserts that his sentences are illegal based on the trial court's constructive amendment of the indictments at trial. He contends that the trial court erroneously instructed the jury on the charge of first degree felony murder, thereby allowing the jury to convict the Defendant on "elements not found by the grand jury" and resulting in a void sentence and conviction. The State responds that the trial court properly dismissed the Defendant's Rule 36.1 motion to correct an illegal sentence. We agree with the State.

Rule 36.1 of the Tennessee Rules of Criminal Procedure provides, in pertinent part:

> (a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

> (2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b)(1) Notice of any motion filed pursuant to this rule shall promptly be provided to the adverse party. The adverse party shall have thirty days within which to file a written response to the motion.

> (2) The court shall review the motion, any response, and, if necessary, the underlying record that resulted in the challenged judgment order. If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion.

Tenn. R. Crim. P. 36.1(a)-(b) (2016). A "colorable claim" is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn.

2015).  Whether the Defendant's motion states a colorable claim under Rule 36.1 "is a question of law, to which de novo review applies."  Id. at 589.

In Wooden, our supreme court explained that there are three categories of sentencing errors—clerical, appealable, and fatal—but that only fatal errors "are so profound as to render the sentence illegal and void."  Id. at 595 (quoting Cantrell v. Easterling, 346 S.W.3d 445, 450-51 (Tenn. 2011) (internal quotation marks omitted).  Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute.  Id.  (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010).  However, errors that are merely appealable, which include "those errors for which the Sentencing Act specially provides a right of direct appeal," do not render a sentence illegal.  Id. (quoting Cantrell, 346 S.W.3d at 449) (internal quotation marks omitted).  "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36."  Id. (quoting Cantrell, 346 S.W.3d at 452).

In this case, the Defendant failed to allege a colorable claim that his sentences are illegal under Rule 36.1.  The Defendant's assertion—that the trial court constructively amended the indictments based on an erroneous instruction to the jury on first degree felony murder—is an attack on the first degree murder conviction itself, not the sentence the Defendant received for the conviction.  See e.g., State v. Roger W. Christy, No. M2011-00852-CCA-R3-CD, 2012 WL 804064, at *5-6 (Tenn. Crim. App. Mar. 12, 2012) (reversing the defendant's conviction after concluding that a variance between the essential elements alleged in the indictment and the proof presented at trial resulted in a constructive amendment of the indictment).  The express purpose of Rule 36.1 is "to provide a mechanism for the defendant or the State to *seek to correct an illegal sentence*."  Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt. (emphasis added); see also Wooden, 478 S.W.3d at 591.  Because the Defendant did not allege a fatal sentencing error, he failed to state a colorable claim under Rule 36.1, and the trial court's summary dismissal of the Defendant's motion was proper.

Moreover, the record reflects that the Defendant was sentenced to life for first degree felony murder and to a consecutive sentence of fifteen years, as a Range I standard offender, for attempted first degree murder.  This court has previously determined that the Defendant's sentences were properly imposed and were not illegal:

Here, the [Defendant's] sentences were not imposed in direct contravention of a statute.  The [Defendant] was sentenced to life imprisonment for his felony murder conviction, which resulted from the killing of Venita Swift

- 4 -

in July 1992. At the time the [Defendant] committed these offenses, a person convicted of felony murder "shall be punished by death or by imprisonment for life." Tenn. Code Ann. § 39-13-202 (1991). Because the [Defendant] was sentenced in accordance with the applicable statute, his life imprisonment sentence is not illegal. In much the same way, the [Defendant's] fifteen-year sentence for his attempted first degree murder conviction is not illegal because he was sentenced in accordance with the applicable statutes. See Tenn. Code Ann. § 40-35-112 (1991); § 39-11-117 (1991).

Eric D. Wallace, 2012 WL 5543055, at *4. The Defendant is not entitled to relief under Rule 36.1.

## **Conclusion**

For these reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE